UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIRLEY BURRIS,

                          Plaintiff,

        - against -

HOUSING AND SERVICES, INC. ET AL.

                        Defendants.
------------------------------------------------------------X

17-CV-9289 (JGK) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      The parties in this case agreed to terms of settlement on August 20, 2024, and signed a formalized written Settlement Agreement filed with and signed by the Court on September 11, 2024. (*See* Dkt. 150.) The Court retained jurisdiction to resolve disputes concerning the Settlement Agreement. The Settlement Agreement was entered into after extensive negotiations between the parties (both represented at the time) and with the assistance of the Court, and was the culmination of events in which Plaintiff had long-resisted her obligation to vacate the apartment in which her and her son were staying.

      Among other provisions, the Settlement Agreement provided that Plaintiff would forfeit a payment of $27,100 in the event she did not vacate her apartment by January 31, 2025. On January 23, 2025, Plaintiff, apparently proceeding *pro se*, filed a letter with the Court styled as a "Request for Emergency Amendment [to] Settlement Agreement" and seeking an "emergency meeting on Tuesday, January 28th" for the purpose of replacing the forfeiture provision with a directive that the $27,100 be placed in an escrow account with state housing court. (Dkt. 151.) Plaintiff also seeks "[a]pproval of a temporary nine-month lease to provide stability for my family as I continue searching for

1

housing." (*Id.* at ECF 3.) In addition to the letter she filed with this Court, Plaintiff authored a letter two days earlier to the judge overseeing her case in housing court — in which she entered into a separate settlement agreement with her landlord (Dkt. 150 at ECF 14-16) — informing that court that she was prepared to deposit nine-months' rent into an escrow count and asking the court to order a temporary month-to-month lease for nine months, with rent paid in full upfront. (Dkt. 151 at ECF 5-7.) According to Plaintiff, her landlord has refused to extend her lease any further.

On January 28, 2025, Defendant HSI filed a letter opposing Plaintiff's application made to this Court. (Dkt. 152.)

As much as the Court would hope that Plaintiff not experience a period without housing and would like for Plaintiff to be able to use some or all of the $27,100 for future rent as she hopes to do, the Court cannot order the relief Plaintiff seeks. First, the Settlement Agreement may not be modified or amended except by written agreement of all parties. (Dkt. 150 at ECF 7 No. 10.) All parties do not agree, as HSI has made clear. Second, the forfeiture provision is a material term of the Settlement Agreement and was essential to incentivizing Plaintiff to diligently pursue alternative living arrangements. For both those reasons, the Court cannot compel Defendants to amend the forfeiture provision and cannot override the agreement of the parties. Additionally, the Court cannot order a lease of any sort between Plaintiff and her landlord, who was not a party to the instant action or the Settlement Agreement. Nor does this Court have jurisdiction over the landlord-tenant matter in state court.

Accordingly, Plaintiff's application for relief at Dkt. 151 is denied.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 151.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 28, 2025
       New York, New York

Copies transmitted this date to all counsel of record.